```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 Robert Friedman,

                    Plaintiff,              MEMORANDUM & ORDER
                                            22-cv-1645(EK)(JRC)

          -against-

 Chocolatte Espresso Bar LLC,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Robert Friedman filed the instant action in March 2022 against Chocolatte Espresso Bar LLC ("Chocolatte").[1] The complaint alleges that Chocolatte refused to serve him because he suffers from Tourette Syndrome. *See* Compl. 4-6, ECF No. 1. Friedman asserts claims for intentional infliction of emotional distress ("IIED") and for violating Title III of the Americans with Disabilities Act ("ADA"). He is proceeding *pro se*.[2]

Chocolatte has moved to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons that follow, that motion is granted.

---

[1] Magistrate Judge James Cho granted Friedman's request to proceed *in forma pauperis* on March 25, 2022. ECF No. 4.

[2] Page numbers in citations to record documents refer to ECF pagination.

## I. Legal Standard

On a motion to dismiss, "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). *Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, to survive a motion to dismiss, the complaint must plead sufficient "facts to state a claim to relief that is plausible on its face." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II. Discussion**

**A.   Intentional Infliction of Emotional Distress**

"The state law tort of intentional infliction of emotional distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."  *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996).  This cause of action is heavily disfavored in New York.  *Ibraheem v. Wackenhut Servs., Inc.*, 29 F. Supp. 3d 196, 215 (E.D.N.Y. 2014).  "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Chanko v. Am. Broad. Companies Inc.*, 27 N.Y.3d 46, 56 (2016).

Here, the plaintiff has not alleged any such extreme or outrageous conduct.  The only relevant allegation in the

3

complaint is that the manager told Friedman "to leave and never return." Compl. 5. He does not allege that he was "physically threatened, verbally abused, or publicly humiliated in any manner." *Conboy v. AT&T Corp.*, 241 F.3d 242, 258-59 (2d Cir. 2001). Therefore, the complaint falls short of this exacting standard.

Likewise, Friedman has not alleged that Chocolatte *intended* to cause him severe emotional distress. Nor has he plausibly alleged that this incident in fact caused such distress; instead, he sets out only the conclusory statement that he suffered "severe distress." *See* Compl. 6. Given these shortcomings, the IIED claim must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## B. Title III of the ADA

Friedman's claim that he was banned from Chocolatte because he has "a disability called Tourette Syndrome," Compl. 5, is construed as a claim for violation of Title III of the ADA. To establish such a violation, the plaintiff must show that he is (1) "disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); 42 U.S.C. § 12182(a).

4

Friedman's conclusory allegation that he was banned from Chocolatte because of his Tourette Syndrome, Compl. 5, is not accompanied by sufficient factual content to render his claim plausible under *Twombly* and *Iqbal*. Specifically, the complaint never indicates why, in his estimation, the manager's conduct was prompted by his disability. Compl. 5.

### III. Conclusion

The complaint, filed *in forma pauperis*, is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff shall have thirty days to file an amended complaint. Plaintiff is advised that any amended complaint that fails to satisfy an element of the claim may be dismissed with prejudice.

Plaintiff is further advised that an amended complaint replaces the current complaint in its entirety, and therefore must include all claims and factual allegations against all defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

5

                                               /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:    April 26, 2024
            Brooklyn, New York